361 A.2d 348

**Harry PEIN and Shirley Pein, his wife**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

Rehearing Denied July 13, 1976.

284

Duane, Morris & Heckscher, Carl N. Martin, II, Philadelphia, for appellant.

Albert Schlessinger, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from the July 9, 1975, Order of Judge DiBona, which is as follows:

. . . [I]t is herewith Ordered that:

1. the award of the arbitrator is against the law, and is such that had it been a verdict of the jury the court

would have entered different or other judgment not-withstanding the verdict;

2. the award of the arbitrator is set aside and the matter remanded to him to make an award in favor of the plaintiffs and to fix the amount of damages.

The arbitrator in this case had been appointed pursuant to a contract of insurance between plaintiffs-insureds and defendant-insurer. The insureds had invoked the uninsured motorist claim section of the policy, claiming personal injuries sustained in an auto accident with an uninsured motorist. While the insurance contract is not a part of the record before us, neither party disputes that invocation of arbitration is, in this case, pursuant to the "Uniform Arbitration Act", Act of 1927, April 25, P.L. 381, No. 248, 5 P.S. § 161 *et seq.*

Following hearing which was not transcribed, the arbitrator made findings of fact upon which he concluded, as to law, that the "proximate cause of the accident was the negligence of claimant, Harry Pein, and not the negligence of the uninsured motorist" and that claimants (appellees herein) had not offered credible testimony. By his letter of October 10, 1974, the arbitrator confirmed certain additional findings of fact suggested by appellees and wrote the following:

My reason for finding in favor of the insurance carrier was that even though the plaintiffs' testimony was uncontradicted, a tryer of fact, such as the undersigned, has the right to believe all of their testimony, believe some of their testimony or believe none of their testimony, The fact that the claimants spent a week in Florida following the accident was conclusive in my determination that plaintiffs' credibility, as to the happening of the accident and to the injuries sustained, did not carry their burden of proof. I, as finder of fact, found that any persons who were injured as

described by claimants, could not be journeyed to Florida for a vacation with the injuries they claimed.

/s/ Leon A. Mankowski

Thereupon appellees petitioned the Court of Common Pleas for modification or correction of the award, as is the right of a party under the Act, *supra*, § 11, 5 P.S. § 171. The arbitrator's decision was ordered modified, and the propriety of the lower court's so doing is the subject of this appeal.

█ We have held in *Framlau v. Upper Dublin School Authority Board*, 219 Pa.Super. 369, 281 A.2d 464 (1971), that in cases where statutory arbitration is involved resolutions of factual disputes are within the province of the arbitrator, just as they are with the fact-finding jury, or trial judge in non-jury cases. The Act, *supra*, § 11, intends that the court may review and modify or correct the arbitrator only insofar as his conclusions of law may be error. *Pennsylvania Turnpike Commission v. Smith*, 350 Pa. 355, 39 A.2d 139 (1944).

█ We must view the arbitrator's conclusion that appellees' injuries were not as claimed dispositive of the issue. It is clearly within the ambit of a fact finder's function to base his conclusion upon a lack of believability of the party-witnesses. A reviewing court may not second-guess a fact-finder where, as here, there is no transcript of the testimony and the reviewing court thus has no means by which to weigh the sufficiency of the evidence or to change the factual findings made therefrom. The legal conclusions made by the arbitrator are fully supported by the findings of fact. The Act of 1963, Aug. 14, P.L. 909, § 1, 40 P.S. § 2000, allows for recovery of damages from one's insurer for personal injuries wrought by an uninsured motorist. When as a matter of fact it is concluded that these injuries were not as claimed, no legal conclusion can stand on such

fact other than the claimant has not met his burden of proof and is not entitled to recover.

We hold that the findings of fact of the arbitrator under the circumstances herein are unassailable, and that his award was correct, based thereon.

Order reversed; arbitrator's award reinstated, judgment to be entered below in accordance therewith.