Fairview School District, Appellant *v.* Fairview Education Association on Behalf of Linda Darling and Linda Standera.

Argued October 25, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Donald C. Buseck,* with him *Gary V. Skiba,* and *Quinn, Gent, Buseck & Leemhuis, Inc.,* for appellant.

*George Levin,* with him *Shamp, Levin, Arduini & Hain,* for appellee.

OPINION BY JUDGE WILKINSON, January 28, 1977:

This is an appeal from the award of an arbitrator reinstating two temporary professional employees of appellant to their positions with reimbursement for loss of wages. We resubmit the matter to the arbitrator.

The two employees were hired as teachers in September 1974. Because of an alleged decline in student enrollment, appellant decided to terminate certain staff positions in May 1975. Appellant had not, however, maintained a system of efficiency rating cards

to determine the order of suspension pursuant to Section 1125(a) of the Public School Code of 1949.[1] Instead, appellant attempted to satisfy the statute by rating each employee possibly affected by the proposed terminations as "satisfactory" and then terminating the contracts of the two employees[2] on the basis of their alleged lack of seniority in their respective teaching areas.[3]

Prior to the terminations, appellant and appellee had entered into both a "Recognition Agreement" (in 1971) and a "Contractual Agreement" (in 1974).[4] Appellee filed a grievance on behalf of the two employees, alleging that the terminations came within a provision of the "Recognition Agreement" which stated that:

> No teacher shall be disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without just cause. Any such action asserted by the Board, or any agent or representative thereof, shall be subject to the adopted grievance procedure.[5]

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1125 (a).

[2] Both parties refer to the actions taken against the employees as "suspensions." As we noted in our recent decision in *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185,    A.2d    (1977), only professional employees, as opposed to temporary professionals, can be "suspended." The proper term under circumstances involving temporary professionals is "termination of the employees' contracts."

[3] Act of March 10, 1949, P.L. 30, *as amended*, 25 P.S. §11-1125 (b). Appellant has never contended that either employee was unqualified in any way.

[4] The 1974 agreement is also referred to in the record as the "Master Contract."

[5] Recognition Agreement, Fairview Board of Education and Fairview Education Association, Art. IV(C).

Appellant denied the grievance after a hearing. Appellant decided that the parties were operating under the "Contractual Agreement" at the time the grievances were filed, and such "Contractual Agreement" defined "grievance" only as a "claim by a professional employee(s) that there has been a violation, misinterpretation or misapplication *of this agreement.*" (Emphasis added.)[6] The "Recognition Agreement" was, therefore, held to provide no grievance procedure. Appellee requested that the matter be adjudicated under the Local Agency Law[7] but appellant refused, claiming that remaining steps in the contractual grievance procedure were adequate. Appellee then filed a complaint in equity in the Erie County Court of Common Pleas to require application of the Local Agency Law. The court dismissed the complaint and ruled that the dispute was to be resolved under the contractual grievance procedure, the final step of which was arbitration.

After a hearing, the arbitrator decided that the "Recognition Agreement" had continued as a viable document equal to the "Contractual Agreement" except where inconsistent. The grievance procedure under the "Contractual Agreement" was held to protect not only the rights agreed upon in that Agreement but those of the "Recognition Agreement" as well. Thus the "just cause" standard of the "Recognition Agreement" was applied. The arbitrator then decided that such standard had not been met because of appellant's failure to maintain efficiency ratings of its professional employees. He stated:

Teachers' rights to comparison with their peers is a meaningful and valuable right. The Dis-

---

[6] Contractual Agreement, Fairview Board of Education and Fairview Education Association, Art. III, §I(A).

[7] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

trict's denial of this right by failure to make such ratings and determine these teachers' correlative efficiency ranks renders the Grievants' suspensions to be lacking in just cause.

Appeal was properly brought to this Court pursuant to Pa. R.J.A. No. 2101. *Matter of Ringgold Area School District*, 24 Pa. Commonwealth Ct. 266, 356 A. 2d 842 (1976).

Appellants argue, using a statutory construction theory, that since §1124 and §1125 do not mention the requirement of tenure, these sections are applicable to temporary professional employees. While on its face this argument appears to have merit, our review of the School Code in its entirety in *Phillippi, supra,* indicates the contrary. Thus we conclude, following *Phillippi, supra,* that §1124 and §1125 cannot be construed so as to give temporary professional employees the rights of "tenured" professional employees.

Thus we are required to determine whether and to what extent other rights are afforded the two employees as against appellant's termination of their contracts. The common pleas court ruled that arbitration of the dispute pursuant to the grievance procedure set forth in the "Contractual Agreement"[8] was the only proper avenue for seeking redress and that such arbitration precluded resort to the Local Agency Law. *See Board of Education of the School District of Philadelphia v. Local 3, Philadelphia Federation of Teachers,* 464 Pa. 92, 346 A.2d 35 (1975). However, we do not have to reach this issue since the matter is before us by way of Pa. R.J.A. No. 2101.

Appellee claims that such protection is provided by the "just cause" provision of the "Recognition Agreement." Since, however, the "just cause" provision ap-

---

[8] Contractual Agreement, Fairview Board of Education and Fairview Education Association, Art. III.

pears *only* within the "Recognition Agreement," we must initially decide whether the arbitrator was correct in holding that such agreement was not superseded by the subsequent "Contractual Agreement." We uphold the arbitrator on this issue, because the common pleas court stated explicitly (in dismissing appellee's mandamus action for application of the Local Agency Law and instead ordering arbitration) that the grievance procedure of the "Contractual Agreement" is applicable to grievances arising under the "Recognition Agreement."

It is not a strained interpretation to conclude that an alleged grievance under the Recognition Agreement is subject to the grievance procedure adopted in the labor agreement.

In so holding, the court specifically addressed the contention which appellant now raises—that the definition of "grievance" within the "Contractual Agreement" is limited to "violations, misinterpretations, or misapplications" of *that* agreement alone. It stated:

At the outset, it should be noted that the Board cannot have the benefit of both of its positions. It cannot maintain simultaneously that the plaintiffs have no right of review under the Local Agency Law and no remedy under the labor agreement grievance procedure.

We agree. Appellant's termination of the two employees was, therefore, subject to the "just cause" provision of the "Recognition Agreement."

We disagree with the arbitrator, however, in his decision that the terminations lacked "just cause" merely because they were done without the use of efficiency ratings. The basis for the arbitrator's decision was his belief that suspensions cannot be made under Section 1125 without the use of such ratings in disregard of our decision in *Smith v. Board of School Directors of The Harmony Area School District*, 16 Pa. Com-

monwealth Ct. 175, 328 A.2d 883 (1974). We stated previously in this opinion, however, that Section 1125 is inapplicable to temporary professional employees and any rights which the employees herein enjoy must be found within the two bargaining agreements. Since the agreements are silent as to whether ratings must be kept in this type of situation, and since *Harmony, supra,* does not absolutely require the keeping of ratings for the suspension of professional employees under the non-controlling but analogous Section 1125, we must hold that such ratings are not required for a finding of "just cause" necessary under the agreements herein for the termination of temporary professionals due to a substantial decrease in enrollment.[9]

Appellee contends, however, that the arbitrator's rejection of the terminations is beyond our purview as a question of law. Once more, we must disagree. By explicit provision in the "Contractual Agreement,"[10] appellant and appellee agreed that the procedure of the arbitrator and the effect of his decision would be governed by the Arbitration Act of 1927.[11] Section 171(d) of the Act[12] provides that a court may modify or correct the award of an arbitrator or resubmit the matter to the arbitrator "[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." The arbitrator's decision was against the law under the rule we set forth in *Harmony, supra.*

---

[9] We repeat, however, the express disapproval we made in *Harmony, supra,* of school boards which fail to keep rating cards and emphasize that nothing in this decision is to be construed to the contrary.

[10] Contractual Agreement, Fairview Board of Education and Fairview Education Association, Art. III, (III)(D)(2).

[11] Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §161 et seq.

[12] 5 P.S. §171(d).

Hence we must decide whether resubmission is necessary. We hold that it is. Because the arbitrator decided that appellant's terminations without the use of efficiency ratings were per se lacking in "just cause," he did not decide the factual issue whether appellant's reason for staff reductions, an alleged substantial decline in pupil enrollment, actually existed. Although there can be no doubt that a substantial decline in enrollment satisfies the contractual "just cause" requirement for employee termination, a finding is now required as to whether the alleged decline actually occurred.

Accordingly, we will enter the following

ORDER

Now, January 28, 1977, the decision of the arbitrator in No. 55-39-0323-75, dated May 24, 1976, is hereby resubmitted to arbitration for a determination whether the Fairview School District actually incurred a substantial decline in pupil enrollment sufficient to warrant termination of the contracts of temporary professional employees Linda Darling and Linda Standera. Further, should any party consider itself aggrieved by the decision of the arbitrator on remand, this Court retains jursidiction over an appeal.