The City of Lebanon v. District Council 89, American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Jonathan Walters,* with him *Richard Kirschner, Neal Goldstein,* and *Markowitz & Kirschner,* for appellant.

*George E. Christianson,* with him *Christianson & Meyer,* for appellee.

OPINION BY JUDGE MENCER, July 7, 1978:

This is an appeal from a decision of the Court of Common Pleas of Lebanon County that an arbitrator's.

award, reinstating three discharged employees of the City of Lebanon, be set aside. The issue before us is whether or not the arbitrator erred in refusing to accept as true those facts which were established by guilty verdicts in prior criminal proceedings against the discharged employees. We hold that the lower court was authorized by Section 11(d) of the Act of April 25, 1927, P.L. 381, No. 248, *as amended* (Arbitration Act), 5 P.S. §171(d), to review the arbitrator's ruling on this issue and that it correctly decided that an arbitrator must accept the facts as established by the guilty verdict here. However, we resubmit this matter to the arbitrator to determine whether or not these facts constitute just cause for dismissal within the meaning of the collective bargaining agreement.

At approximately 4 a.m. on January 16, 1976, Dale Spesak, Terrence Snyder, and Robert Donmoyer (employees), employees of the City of Lebanon (City) and members of District Council 89, American Federation of State, County and Municipal Employees (Union), were arrested and charged with criminal mischief for allegedly opening a fire hydrant. On February 17, 1976, these individuals received notice that they were laid off from their positions with the City.[1] They were tried by a jury on charges of criminal mischief and convicted on March 5, 1976. They were formally discharged by the City on March 8, 1976.

Under the collective bargaining agreement between the City and the Union, an employee could be discharged for "just cause." The propriety of these discharges was submitted to arbitration pursuant to the grievance provisions of the agreement. The Union and

---

[1] The arbitrator subsequently found that these purported layoffs were not in seniority order and were, in fact, discharges. The City has not contested these findings.

the City agreed that the arbitrator would hear no testimony but would base his determination upon the official transcript of the criminal proceedings.

The arbitrator ruled that he was not bound by the jury's findings of fact.[2] His own independent examination of the testimony failed to sufficiently convince him that any one or all of the three employees had in fact opened the fire hydrant. He therefore concluded that the employees had not been discharged for just cause and ordered their reinstatement. When this award was set aside by the Court of Common Pleas of Lebanon County, the Union appealed to this Court.

The scope of judicial review of an arbitration award entered pursuant to a collective bargaining agreement to which a public employer is a party is governed by Sections 10 and 11 of the Arbitration Act, 5 P.S. §§170, 171. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty* (PSEA/NEA), 473 Pa. 576, 375 A.2d 1267 (1977); *see County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977); Section 16 of the Arbitration Act, 5 P.S. §176. Insofar as an arbitrator's interpretation of the collective bargaining agreement is concerned, our Supreme Court regards the scope of review established by the Arbitration Act as equivalent to the "essence test" utilized in the federal courts. *Community College of Beaver County, supra.* Under the essence test, an arbitrator's interpretation of the collective bargaining agreement must be upheld if it can in any

---

[2] The jury was charged that to find the defendants guilty it had to find (1) that the defendants had, in fact, opened the fire hydrant, (2) that the defendants had caused a substantial impairment of the water supply, and (3) that the defendants had created a risk of widespread injury or damage. The guilty verdict thus established these facts as true.

rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969). If the arbitrator's interpretation is reasonable, it must be upheld even if a contrary interpretation appears to be more reasonable to the reviewing court. *See Community College of Beaver County, supra.*

Here, however, the arbitrator, in concluding that he was not bound to accept the facts established by the guilty verdict, did not purport to rely upon the collective bargaining agreement. Rather, he simply concluded, apparently as a matter of law, that he was not so bound. In effect, the arbitrator was faced with an issue not covered, impliedly or explicitly, by the collective bargaining agreement, the resolution of which was nevertheless necessary prior to a decision on the merits. Gaps such as this necessarily arise in the enforcement of collective bargaining agreements, and the question then becomes whether or not a court may review an arbitrator's rulings on such matters to determine whether or not a mistake of law has been made.

At common law, an arbitrator was not subject to reversal for a mistake of law. *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973). However, Section 11(d) of the Arbitration Act authorizes a court to correct or modify an award "[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." This section "places an award on the same footing as the verdict of a jury [and] mistakes of law may be rectified on appeal." *Pennsylvania Turnpike Commission v. Smith,* 350 Pa. 355, 359, 39 A.2d 139, 141 (1944); *see also Pennsylvania Electric Co. v. Shannon,* 377 Pa. 352, 105 A.2d 55 (1954); *McDevitt v. McDevitt,* 365 Pa. 18, 73 A.2d 394 (1950); *Fairview School Dis-*

*trict v. Fairview Education Association,* 28 Pa. Commonwealth Ct. 366, 368 A.2d 842 (1977); *Pein v. State Farm Mutual Automobile Insurance Co.,* 241 Pa. Superior Ct. 283, 361 A.2d 348 (1976). We must therefore proceed to determine whether or not the arbitrator made a mistake of law.

Here, the employees were convicted of criminal mischief resulting in a substantial impairment of the water supply, a felony of the third degree. 18 Pa. C.S. §3304. These convictions would have been conclusive evidence of the facts established by the verdicts in a subsequent civil proceeding. *See Kravitz Estate,* 418 Pa. 319, 211 A.2d 443 (1965); *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965); *Pennsylvania Turnpike Commission v. United States Fidelity & Guaranty Co.,* 412 Pa. 222, 194 A.2d 423 (1963). We can see no reason in this case to establish a rule applicable only to arbitrators. While the arbitrator is in a superior position to ascertain the intentions of the parties as reflected in the collective bargaining agreement, there is no reason to believe that he enjoys any more expertise than a jury in deciding other questions of fact such as those involved in this case. The jury here found that it had been established beyond a reasonable doubt that all three employees opened, or contributed to the opening of, the fire hydrant. This should be sufficient for the arbitrator's purpose, which is the construction of the collective bargaining agreement.

It does not follow that the facts found by the jury constitute just cause for dismissal within the meaning of the collective bargaining agreement.[3] We are in-

---

[3] Under some circumstances and under some collective bargaining agreements, a conviction of a felony may, in and of itself, constitute just cause for dismissal. Here, however, the arbitrator found that the employees were not discharged because of their convictions of criminal mischief but because they had tampered with property of the City and endangered the safety and welfare of the community.

clined to believe, given the facts established by the verdict, that the City did have just cause to discipline these employees. We are also inclined to believe that discharge was an appropriate form of discipline. However, these are issues for the arbitrator to resolve, at least in the first instance. What constitutes "just cause" is peculiarly likely to vary with what the United States Supreme Court has called the common law of the shop, *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582 (1960), and may depend upon such factors as the prior practice of the particular employer or of other employers in the same industry. It is precisely because the arbitrator is more familiar with the relevant indicia of the parties' intentions that his construction of the agreement is given such great weight. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593 (1960).

Therefore, while we will affirm the lower court's order setting aside the award, we will also direct that this matter be resubmitted to the arbitrator so that he may have the opportunity to determine whether or not the facts established in the criminal case, together with any additional, consistent findings of fact the arbitrator may deem relevant, constitute just cause for dismissal within the meaning of the collective bargaining agreement.

Order affirmed and case resubmitted to the arbitrator for further proceedings consistent with this opinion.

### Order

And Now, this 7th day of July, 1978, the order of the Court of Common Pleas of Lebanon County, dated December 14, 1976, setting aside the award of arbitrator S. Harry Galfand, dated September 20, 1976, is hereby affirmed. It is hereby directed, pursuant to

Section 11 of the Act of April 25, 1927, P.L. 381, No. 248, *as amended,* 5 P.S. §171, that this matter be resubmitted to the arbitrator for further proceedings consistent with this opinion.