429 A.2d 1196

**COMMONWEALTH of Pennsylvania,**

v.

**Larry E. WRIGHT, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed May 15, 1981.

Ellen M. Burgraff, Assistant Public Defender, Carlisle, for appellant.

Edgar B. Bayley, District Attorney, Carlisle, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

PER CURIAM:

Appellant Larry Wright, Sr., brings this appeal from a judgment of civil contempt entered in two non-support cases in the Court of Common Pleas, Cumberland County. For the reasons which follow, we will reverse.

The first case of non-support had its genesis on October 16, 1972, when appellant was ordered to pay $10.00 per week for the support of his two-year old son, Larry, Jr. Over the next several years, he was often called before the court to answer contempt citations for failing to maintain payments, but in each instance he was found not in contempt on condition he satisfy arrearages. On August 22, 1978, the court issued a bench warrant for appellant's arrest as he had "failed to appear for a hearing as directed." The next event appearing in the record is a hearing on December 8, 1978 in which appellant explained to the court his reasons for failing

to maintain support payments. At the conclusion of the hearing, the court adjudicated him in contempt of court and imposed a six-month prison sentence. In addition, the court ordered the Probation Office to attempt to place appellant in a work release program immediately.

The second non-support case began on March 15, 1978 when appellant was ordered to pay $10.00 per month for the support of his wife Ruth. On August 22, 1978, in the same bench warrant mentioned above, appellant was ordered arrested for failure to appear. Both cases were consolidated for a hearing on December 8, 1978. At the conclusion of the hearing, the court found him in contempt in this case as well and imposed the identical prison term with a work release recommendation. The instant appeal is from a single order finding appellant in contempt in both cases.[1]

In *Crislip v. Harshman*, 243 Pa.Super. 349, 365 A.2d 1260 (1976), we reviewed the five step process necessary to a civil contempt proceeding.[2]

(1) a rule to show cause why an attachment should not issue, (2) an answer and hearing, (3) a rule absolute (arrest), (4) a hearing on the contempt citation, and (5) an adjudication of contempt.

Id., 243 Pa.Super. at 351, 365 A.2d at 1261. See also *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977); *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 253 A.2d 263 (1969); *Kramer v. Kelly*, 265 Pa.Super. 58, 401 A.2d 799 (1979); *Simmons v. Simmons*, 232 Pa.Super. 365, 335 A.2d 764 (1975). Where one or more of these steps have been omitted from a civil contempt adjudication, we have not hesitated to reverse. See, e. g., *Joseph Horne Co. v. Interna-*

1. On February 9, 1979, we granted a temporary stay of the commitment, effective until March 15, 1979.

2. There was no dispute that these are cases of civil, not criminal, contempt since the dominant purpose of the court was to coerce the contemnor into compliance with prior court orders. *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977). The complainants in both cases are private individuals attempting to compel obedience with orders entered for their benefit. *Simmons v. Simmons*, 232 Pa.Super. 365, 335 A.2d 764 (1975).

*tional Union of Op. Engineers*, 250 Pa.Super. 145, 378 A.2d 868 (1977) (no opportunity for contemnor to answer the rule); *Simmons*, supra, (second hearing not held; no opportunity to file answer); *Magaziner*, supra (rule to show cause not issued).

In the instant case, the record is bereft of any evidence that a rule to show cause was ever issued,[3] or that appellant was provided with an opportunity to answer, or that a hearing was held on the rule prior to the full hearing on the contempt citation. See, *Crislip*, supra, 243 Pa.Super. at 365, 365 A.2d at 1268 (Spaeth, J. concurring and dissenting). Thus, the court eliminated the first two stages set forth in *Magaziner* and related cases, and proceeded directly to the arrest of appellant, hearing, and a contempt order. "[S]urely, [the] court did not follow the proper procedure for putting the question [of contempt] in issue", *Magaziner*, 434 Pa. at 4, 253 A.2d at 266. In view of such a truncated procedure, the order of contempt in these cases cannot stand.

Judgments of sentence reversed.

---

**3.** Although the bench warrant of August 22, 1978 makes reference to a prior notice to appellant to appear in court, the prior notice does not itself appear in the record. Hence we are unable to treat the warrant or the notice as a "rule to show cause."