453 A.2d 4

**Thomas P. GUISLER, Chief Probation Officer**

v.

**Paul ALEXANDER and Ida Alexander, Appellants.**

Superior Court of Pennsylvania.

Submitted March 29, 1982.

Filed Nov. 30, 1982.

Paul Alexander, Huntingdon, appellant, in pro. per.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

The appeal in this case is from an order making absolute a rule to show cause why Paul and Ida Alexander should not be held in contempt for failing to pay an order for the support of their son. The order from which the appeal was filed, however, was not a final adjudication of contempt. It merely made absolute a rule to show cause why appellants should not be held in contempt and provided: "A hearing on the issue of the Defendants' contempt shall be scheduled by the Court Administrator and held accordingly." The order, on its face, discloses that it is interlocutory and not a final adjudication.

■ The law in Pennsylvania is settled that in civil contempt proceedings a final adjudication involves a five step, two hearing procedure. These steps include: (1) a rule to show cause why an attachment should not issue; (2) a hearing thereon; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt. See: *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 5–6, 253 A.2d 263, 266 (1969); *Commonwealth v. Wright,* 287 Pa.Super. 252, 254, 429 A.2d 1196, 1197 (1981); *Cahalin v. Goodman,* 280 Pa.Super. 228, 233, 421 A.2d 696, 698 (1980); *Matter of Elemar, Inc.,* 44 Pa.Cmwlth. 515, 520, 404 A.2d 734, 737 (1979); *Kramer v. Kelly,* 265 Pa.Super. 58, 65, 401 A.2d 799, 802 (1979); *Joseph Horne Co. v. International Union of Operating Engineers, Local Union No. 95–95A,* 250 Pa.Super. 145, 154, 378 A.2d 868, 872 (1977); *Crislip v. Harshman,* 243 Pa.Super. 349, 352, 365 A.2d 1260, 1261 (1976).

■ Because appellant has not been held in contempt, and because there is no final order from which an appeal can be

taken, this Court is without jurisdiction to hear the instant appeal. It cannot hear an appeal from an interlocutory order setting the case down for final hearing. *Cedar Valley Civic Association v. Schnabel,* 239 Pa.Super. 486, 362 A.2d 993 (1976); *Commonwealth v. Guardiani,* 226 Pa.Super. 435, 310 A.2d 422 (1973). The instant appeal, therefore, must be quashed and jurisdiction relinquished. See and compare: *Brodsky v. Philadelphia Athletic Club, Inc.,* 277 Pa.Super. 549, 552 n. 2, 419 A.2d 1285, 1287 n. 2 (1980); *Matter of Elemar, Inc., supra,* 44 Pa.Cmwlth. at 520–521, 404 A.2d at 737.

It is so ordered.