463 A.2d 427

**VILLAGE GENTRY, INC., t/a and known as Regalia Men's Boutique,**

v.

**WEST VILLAGE and the Fox Company.**

**Appeal of Allen L. FEINGOLD.**

Superior Court of Pennsylvania.

Submitted June 4, 1982.

Filed June 24, 1983.

Reargument Denied Aug. 22, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

Allen L. Feingold, Philadelphia, appellant, in propria persona.

Joseph Feldman, Philadelphia, for Village Gentry, appellee.

John Francis Smith, III, Philadelphia, for West Village, appellee.

Richard B. Hardt, Philadelphia, for Fox, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

PER CURIAM:

Appellant Allen L. Feingold has appealed from the order of the trial court entered October 15, 1981. That order held appellant in contempt for his failure to withdraw his appearance for Village Gentry, Inc. after he was requested to do so by his client and for his failure to turn over his file in the instant case to Village Gentry, Inc.'s new counsel, Joseph G.

Feldman. The order also directed appellant to pay Feldman $350.00 in counsel fees for legal services rendered pursuant to Feldman's motion to quash an earlier appeal to this court by appellant from an order dated March 13, 1981.

Appellant's arguments can be capsulized as follows: 1) the lower court proceeding was conducted without a hearing and following but one day's notice to appellant that Attorney Feldman intended to present a Motion for Sanctions; 2) the order of the lower court violated appellant's due process rights in that it compelled the payment of $350.00 to Feldman; and 3) the order destroyed appellant's right to maintain a retaining lien on the files. In light of our disposition, we address appellant's first argument only.

The order of March 13, 1981 required appellant to withdraw his appearance and deliver the file to Feldman, upon payment of record costs. Appellant did not comply with this order, but instead filed a timely notice of appeal to this court. Feldman filed a motion to quash that appeal some four months later, upon appellant's failure to pursue the appeal. This court quashed that appeal on August 25, 1981.

As the appeal from the March, 13, 1981, order has been quashed, that order is no longer at issue. The quashing of the appeal from that order has rendered it, in effect, final. Therefore, the underlying issue concerning the propriety of the trial court's determination to require appellant to withdraw his appearance and turn over the file is no longer reviewable. If the order of March 13, 1981, is not reviewable, we need only determine whether appellant complied with that order, and if not, whether the contempt order of October 15, 1981, was procedurally sound.

There is no dispute concerning appellant's noncompliance with the March 13, 1981, order. The only issue on this appeal, therefore, is whether the trial court complied with the procedural safeguards regarding contempt proceedings in this case.

■ The contempt order of October 15, 1981, was civil in nature, its purpose being to coerce appellant into complying

with the March 13, 1981, court order. *See In re B*, 482 Pa. 471, 394 A.2d 419 (1978); *Ewing v. Oliver Realty, Inc.*, 305 Pa.Super. 486, 451 A.2d 751 (1982). Although appellant's failure to obey the March 13, 1981, court order placed him technically in contempt of court, a five step process is required to hold a person in civil contempt. *Ewing v. Oliver Realty, Inc., supra; Crislip v. Harshman*, 243 Pa.Super. 349, 365 A.2d 1260 (1976). The five steps involve: (1) a rule to show cause why an attachment should not issue, (2) an answer and hearing, (3) a rule absolute, (4) a hearing on the contempt citation, and (5) an adjudication of contempt.

■ The record in the instant case indicates that Feldman filed a motion for sanctions on October 15, 1981. The order was granted the same day, apparently without a hearing. Appellant was informed of the filing of the sanction motion by letter sent October 14, 1981, by Feldman. Appellant did not appear before the court on October 15, 1981. The motion for sanctions may have sufficed as the equivalent of a rule to show cause, as required by step (1), however, as no time for an answer or hearing was scheduled, and because steps (2) though (5) were not complied with, the proper procedures have not been followed. Therefore, the order of October 15, 1981, should be vacated and the case remanded for further proceedings to be held in compliance with a proper civil contempt action.

■ Finally, concerning that provision of the October 15, 1981, order requiring appellant to pay $350.00 for attorneys' fees to Feldman, there is insufficient support for such an award on the record, as the sanction motion itself requests no such award [1] and no other proof to support such a sum appears of record. Therefore, any further proceedings seeking payment of such sums should be based on pleadings filed and evidence presented at the appropriate stage

1. It appears that the October 15, 1981, order was prepared by Feldman and attached to his sanctions motion. However, no mention of attorneys' fees appears in the accompanying motion.

of any said further proceedings that may occur in this matter.

Reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.