472 A.2d 684

Lucy **WHITT**

v.

The **PHILADELPHIA HOUSING AUTHORITY,** Appellant.

Lucy **WHITT,** Appellant

v.

The **PHILADELPHIA HOUSING AUTHORITY.**

Superior Court of Pennsylvania.

Argued March 30, 1982.

Filed Feb. 10, 1984.

Petition for Allowance of Appeal Denied July 20, 1984.

Arthur Edgar Schmidt, Philadelphia, for Whitt, appellant (at No. 109).

James Maurice DeLeon, Philadelphia, for Phila. Housing, appellant (at Nos. 1679 and 108) and appellee (at No. 109).

Louis S. Rulli, Philadelphia, for Whitt, appellee (at Nos. 1679 and 108).

Before WIEAND, McEWEN and POPOVICH, JJ.

PER CURIAM:

The several appeals presently before this Court have their genesis in a dispute between Lucy Whitt and her landlord, the Philadelphia Housing Authority. That dispute led to two separate arbitration proceedings; two court orders which, in effect, confirmed the separate arbitration awards; and a proceeding holding the Housing Authority in contempt for failing to make repairs as directed by the first of such confirmed awards. A brief history is necessary.

In October, 1976, Whitt deemed herself aggrieved because of the state of disrepair prevailing in the housing unit which she was leasing from the Housing Authority. Pursuant to procedure established by a consent decree entered in 1974 by the United States District Court for the Eastern District of Pennsylvania in *Brown v. Philadelphia Housing Authority,* Civil Action 72–2083, Whitt presented her grievance to arbitration. This resulted in an award directing the Housing Authority to make repairs to Whitt's unit. The award also granted an abatement of rent in the amount of

$645.00 and suspended the need to make any future payments of rent until the mandated repairs had been made.[1] The Authority took the position, and so notified Whitt, that the award was unlawful and that it would refuse to honor it. Nevertheless, the award was confirmed by The Honorable Calvin T. Wilson on September 1, 1977. Whether proper notice of the confirmation hearing was given is in dispute. In any event, the Housing Authority was not represented at the hearing before Judge Wilson on September 1, 1977. Moreover, it did not appeal from the court order confirming the arbitration award.

Thereafter, Whitt continued to occupy the unit but paid no rent. In July, 1978, the Authority gave notice to Whitt that her lease was being terminated for nonpayment of rent. This prompted Whitt to file a second grievance on grounds that the prior arbitration award, confirmed by the court, had excused her from making rental payments until repairs had been made. On November 7, 1978, after hearing, a second arbitration award found that the circumstances had changed. It directed the Housing Authority to make enumerated repairs, some of which had not been completed as directed by the prior award, within thirty days. The award also contained a direction to Whitt to pay all rent due after March 1, 1978, less an abatement of $7.00 per month. Finally, the award directed that the termination notice be canceled unless Whitt failed to make arrangements to pay back rent in accordance with the award. Whitt filed a petition in the Court of Common Pleas to vacate or modify the second award because it allegedly failed to take cognizance of the prior arbitration award and confirmation by the court. Whitt's petition was heard before The Honorable Eugene Gelfand and was dismissed on December 1, 1980. Whitt appealed from this order.

Meanwhile, on March 29, 1979, Whitt had filed a motion before Judge Wilson to hold the Authority in contempt for

1. The award was later amended to include an additional allowance of $165.86 to Whitt for smoke damage to personal property caused by a fire in the building.

failing to comply with the confirmation order of September 1, 1977. The court issued a rule to show cause, held a hearing on June 7, 1979, and found the Authority in contempt. Judge Wilson's contempt order directed once again that Whitt should pay no rent until repairs had been made and assessed the Authority with punitive damages of $1,000.00 and compensatory damages of ten dollars ($10.00) per day until the repairs were completed. From this order, the Authority appealed.[2]

## The Order of Contempt

"The law in Pennsylvania is settled that in civil contempt proceedings a final adjudication involves a five step, two hearing procedure. These steps include: (1) a rule to show cause why an attachment should not issue; (2) a hearing thereon; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt. See: *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1, 5-6, 253 A.2d 263, 266 (1969); *Commonwealth v. Wright*, 287 Pa.Super. 252, 254, 429 A.2d 1196, 1197 (1981); *Cahalin v. Goodman*, 280 Pa.Super. 228, 233, 421 A.2d 696, 698 (1980); *Matter of Elemar, Inc.*, 44 Pa.Cmwlth. 515, 520,. 404 A.2d 734, 737 (1979); *Kramer v. Kelly*, 265 Pa.Super. 58, 65, 401 A.2d 799, 802 (1979); *Joseph Horne Co. v. International Union of Operating Engineers, Local Union No. 95–95A*, 250 Pa.Super. 145, 154, 378 A.2d 868, 872 (1977); *Crislip v. Harshman*, 243 Pa.Super. 349, 352, 365 A.2d 1260, 1261 (1976)." *Guisler v. Alexander*, 307 Pa.Super. 219, 220, 453 A.2d 4, 4–5 (1982). Accord: *Village Gentry, Inc. v. West Village*, 316 Pa.Super. 404, 407, 463 A.2d 427, 428 (1983); *Nemeth v. Nemeth*, 306 Pa.Super. 47, 51–52, 451 A.2d 1384, 1387 (1982); *Ewing v. Oliver Realty, Inc.*, 305 Pa.Super. 486, 491, 451 A.2d 751, 754 (1982); *Simmons v. Simmons*, 232 Pa.Super. 365, 370, 335 A.2d 764, 767 (1975).

**2.** In fact, the Housing Authority appealed twice. It appealed first from the contempt order and subsequently from the order dismissing its exceptions to the contempt order. All appeals, of course, have been consolidated for argument in this Court.

■ In the contempt proceedings against the Housing Authority, this established procedure was not followed. A rule to show cause was issued and was served on the Housing Authority, after which a hearing was held immediately and an order of contempt entered. Whitt concedes that the five step, two hearing procedure was not followed but urges that we overlook this defect because the Authority nevertheless had sufficient notice and opportunity to defend. We decline to accept appellee's invitation to ignore this procedural defect. Because the contempt proceedings were defective, the order holding the Housing Authority in contempt will be reversed.

■ We do not now determine whether an arbitration award in the nature of a mandatory decree can be enforced by the contempt powers of a court which has confirmed the award. But see and compare: *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A. 43 (1938); *Dover v. Philadelphia Housing Authority*, 318 Pa.Super. 460, 465 A.2d 644 (1983). Similarly, it is unnecessary to determine the effect of the intervening arbitration award, the propriety of which we now proceed to consider.[3]

### The Order Refusing to Vacate or Modify the Second Arbitration Award

The second arbitration proceedings were commenced at the instance of Mrs. Whitt. Instead of resisting an action to evict her she responded affirmatively to the Housing Authority's termination notice by once again pursuing a grievance before an arbitrator. In her grievance proceeding, Mrs. Whitt asserted the earlier arbitration award and the court's confirmation order and argued that she had been

---

**3.** These issues can be considered by the trial court if and when Mrs. Whitt chooses to pursue the contempt citation.

There is no merit to the Housing Authority's contention that in a proceeding for civil contempt, whose dominant purpose is to coerce a party to do or refrain from doing some act for the primary benefit of a litigant or private party, a court may not assess punitive damages in the nature of an unconditional fine. See: *Rouse Philadelphia Inc. v. Ad Hoc '78*, 274 Pa.Super. 54, 72–73, 417 A.2d 1248, 1258 (1979), *cert. denied*, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980).

excused from paying rent. The Housing Authority asserted, however, that the condition of the housing unit had been improved and that Mrs. Whitt had nevertheless failed to pay rent. The arbitrator found that some, but not all, repairs remained uncorrected and because of the changed circumstances entered an award which (1) directed the Housing Authority to make and complete certain enumerated repairs within thirty days; (2) directed Whitt to pay rent due from and after March 1, 1978, less an abatement of $7.00 per month; and (3) suspended the cancelation notice until arrangements were made by Mrs. Whitt to pay back rent due under the award. Mrs. Whitt then filed the petition to vacate or modify the award which was heard by Judge Gelfand.

■ The arbitration proceedings were held under the Arbitration Act of 1927, 5 P.S. § 161 et seq.[4] Appellant argues, as she did in the trial court, that the arbitrator exceeded his powers[5] and entered an award against the law[6] because he did not adopt in toto the prior award and

4. The Act of 1927 was repealed by the JARA Continuation Act of 1980, October 5, P.L. 693, No. 142, § 501(c). Statutory arbitration is now provided for in Sections 7301–7320 of the Judicial Code, 42 Pa.C.S. §§ 7301–7320.

5. Section 10 of the Act of 1927, 5 P.S. § 170, directs the court to vacate the award upon application of any party to the arbitration:
   (a) Where the award was procured by corruption, fraud, or undue means.
   (b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.
   (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.
   (d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.
   Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

6. The Act of 1927, 5 P.S. § 171, directs the court to "make an order modifying or correcting the award upon the application of any party to the arbitration:

confirmation order of the Court. There is no merit in this argument.

It was Mrs. Whitt who requested the second arbitration and not the Housing Authority. Having requested the arbitrator to suspend the termination notice which was served upon her, she cannot complain that the relief she requested was granted upon condition that she pay rent. By resubmitting to arbitration her dispute with the Housing Authority, she opened the door to a full and complete determination of the respective rights and duties of the parties.

■■■ The award of the second arbitrator was not barred by principles of res judicata or collateral estoppel. A landlord and tenant relationship is not static but on-going. Circumstances change. Judgment for a single breach of an installment contract is not a bar to an action for a subsequent breach. *Exner v. Exner*, 268 Pa.Super. 253, 407 A.2d 1342 (1979); *Byren & Weil v. French & Keeley, Inc.*, 103 Pa.Super. 573, 157 A. 367 (1931); 50 C.J.S., Judgments § 670. Similarly, where rent is paid on a monthly basis, a judgment for unpaid rent is not ordinarily a bar to an action to recover rent coming due and remaining unpaid thereafter. *Kapp v. Shields*, 17 Pa.Super. 524 (1901); 22 P.L.E., Landlord and Tenant § 353. In the instant case, almost two years had intervened between the first and second arbitration hearings, and almost one year had elapsed following court confirmation of the first award. The issues to be arbitrated in the second proceeding were not the same as those arbitrated in the first proceeding. The second arbi-

(a) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

trator heard evidence regarding repairs that had been made and of the circumstances existing when, because of an alleged nonpayment of rent, termination notice was sent by the Housing Authority to the tenant. The arbitrator found that the conditions of the housing unit had changed and that effective March 1, 1978 the Housing Authority was entitled to be paid rent less an abatement of $7.00 per month. In this manner the arbitrator achieved a complete determination of the rights of the parties.

█ It should be recalled that the second arbitration award was entered on November 7, 1978. At this time there had been no judicial determination that the Housing Authority had failed to make repairs as required by the original arbitrator's award. Mrs. Whitt's contempt proceedings were not commenced until March 29, 1979, and the order of Judge Wilson was not entered until June 7, 1979. The court's subsequent determination of Whitt's contempt petition had no effect on the ability of the second arbitrator to make his own determination of the facts from the evidence presented and to fashion consistently therewith a complete resolution of the controversy.

█ Section 11 of the Arbitration Act of 1927, 5 P.S. § 171, authorizes a court to modify or correct an award " '[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.' This section 'places an award on the same footing as the verdict of a jury [and] mistakes of law may be rectified on appeal.' " *City of Lebanon v. District Council 89*, 36 Pa.Cmwlth. 442, 446, 388 A.2d 1116, 1118 (1978), quoting *Pennsylvania Turnpike Commission v. Smith*, 350 Pa. 355, 359, 39 A.2d 139, 141 (1944). Resolutions of factual disputes, however, are within the province of the arbitrator. "A reviewing court may not second-guess a fact-finder, where, as here, there is no transcript of the testimony and the reviewing court thus has no means by which to weigh the sufficiency of the evidence or to change the factual findings made therefrom." *Pein v. State Farm Mutual*

*Automobile Insurance Co.,* 241 Pa.Super. 283, 286, 361 A.2d 348, 349 (1976). The arbitrator's findings of fact, under such circumstances, are unassailable. *Id.,* 241 Pa.Superior Ct. at 287, 361 A.2d at 350. It follows that Judge Gelfand could not properly modify the second arbitrator's award, and he correctly refrained from doing so.

The order entered to No. 1734 August Term, 1977 and holding the Philadelphia Housing Authority in contempt is reversed. The order entered to No. 54 February Term, 1979 and dismissing Lucy Whitt's motion to vacate or modify the arbitration award entered on November 7, 1978 is affirmed.

POPOVICH, J., concurs in the result.