In Re: Inquest of the Death of Debra Deol. Commissioner of the Pennsylvania State Police, Appellant.

Argued April 2, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Joseph S. Rengert,* Assistant Counsel, for appellant.

*Richard J. Shiroff,* for appellee.

OPINION BY JUDGE PALLADINO, August 2, 1984:

The Commissioner of the Pennsylvania State Police appeals here from an order of the Court of Common Pleas of Northampton County (trial court) directing the State Police to turn over to the Northampton County Prothonotary (Prothonotary) photographs which were admitted into evidence at the Northampton County Coroner's (Coroner) inquest into the death of Debra Deol, the deceased.

On or about March 29, 1981, the State Police, as part of an investigation into the death of the deceased, took photographs of the deceased and the scene of the apparent crime. Pursuant to a request by the Coroner, Trooper Anthony Vanicola showed these photographs to the Coroner and the Northampton County Solicitor (Solicitor) to assist them in preparation for the inquest. At the inquest, the photographs were identified by a local policeman and provided to the jury for their inspection by an assistant district attorney.[1]

In June, 1982, Jasper S. Deol, husband of the deceased, filed a petition with the trial court seeking to compel the Coroner to release copies of the photographs used at the inquest. The State Police was not served with a copy of this petition nor was it a party to the action. On July 23, 1982, the trial court, by an order issued by the Honorable RICHARD D. GRIFO, granted the petition thereby directing the Coroner to

---

[1] Trooper Vanicola testified that he was unaware that these photographs would be introduced as evidence at the inquest.

release copies of the photographs.[2] The Solicitor then contacted Trooper Vanicola for purposes of obtaining the photographs. Trooper Vanicola responded that the photographs could only be secured pursuant to a subpoena issued to the Commissioner who was the legal custodian of the photographs.

On August 20, 1982, Jasper S. Deol filed with the trial court a petition for contempt and a rule to show cause against the Commissioner and Trooper Vanicola for failure to comply with the trial court's order of July 23, 1982. On August 25, 1982, Judge GRIFO issued a rule to show cause why the Commissioner and Trooper Vanicola should not be held in contempt and why sanctions should not be imposed. The Commissioner did not file an answer to the rule but was represented at a hearing on the matter on September 17, 1982. At the hearing, although not addressing the issue of contempt, Judge GRIFO issued an order directing the State Police to return to the Prothonotary those photographs which were part of the Coroner's inquest. The Commissioner appealed from this order which is now before this Court.

The law in Pennsylvania is well settled that a five step, two hearing procedure is required to hold one in civil contempt.[3] *Matter of Elemar, Inc.*, 44 Pa. Commonwealth Ct. 515, 404 A.2d 734 (1979). The five steps include: (1) a rule to show cause; (2) an answer

---

[2] Section 1251 of The County Code, Act of August 9, 1955, P.L. 323, 16 P.S. §1251 provides:

Every coroner, within thirty (30) days after the end of each year, shall deposit all of his official records and papers for the preceding year in the office of the prothonotary for the inspection of all persons interested therein.

[3] We assume that Judge GRIFO's order was issued in the context of a contempt proceeding inasmuch as treating this matter as an original action would raise, *inter alia*, a jurisdictional issue. *See* Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1).

and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt.

The record reveals that the trial court issued a rule to show cause why the Commissioner should not be held in contempt, conducted a hearing, and issued an order directing the State Police to, in effect, comply with that court's prior order of July 23, 1982. This procedure adopted the requirements of steps (1) and (2). However, the court did not follow steps (3), (4), and (5). *See Village Gentry, Inc. v. West Village*, 316 Pa. Superior Ct. 404, 463 A.2d 427 (1983). Therefore the order of September 17, 1982, is vacated and the case remanded for further proceedings to be held in compliance with a proper civil contempt action. *Village Gentry, Inc.*

### ORDER

AND Now, August 2, 1984, the order of the Court of Common Pleas of Northampton County in the above-captioned matter, dated September 17, 1982, is vacated and remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.