## Mabry v. Windsor Service Inc.

*Joan M. Righter,* for plaintiff.

*Carleton G. Goodnow,* for defendant.

SUBERS, *J.,* May 14, 1993—This case is the respondent's appeal from this court's order dated August 7, 1992, awarding attorney's fees to petitioner, Susan Mabry. Ms. Mabry was involved in an automobile accident on December 22, 1988, and retained James P. Lynch, Esq., to institute a personal injury action on her behalf. Mr. Lynch filed a civil action against defendants, Windsor Service Inc. and Edwin Blatt, on June 21, 1989. In March 1991, petitioner discharged Mr. Lynch as her attorney and retained the respondent, Carleton G. Goodnow, Esq., to represent her.

Susan Mabry entered into a contingent fee agreement with Mr. Goodnow, the contents of which are unknown because petitioner did not retain a copy of that agreement and Mr. Goodnow failed to produce this fee agreement. On March 21, 1991, Mr. Goodnow entered his appearance on behalf of Susan Mabry and subsequently answered a petition for bifurcation, which had been previously filed by the defendants. The case failed to be praeciped for trial despite being 3 1/2 years old with completed discovery.

On April 28, 1992, Susan Mabry discharged Mr. Goodnow in writing and advised him to forward her file to her new attorney, Joan M. Righter, Esq. Ms. Righter wrote Mr. Goodnow requesting Susan Mabry's file to be transferred to her along with a statement of account. However, instead of transferring the file, Mr. Goodnow imposed two conditions which had to be met in order for the transfer to occur: (1) Ms. Righter would have to meet Mr. Goodnow at the scene of the accident; and (2) Mr. Goodnow would receive 50 percent of the contingency fee collected.

On May 5, 1992, Mr. Goodnow attended a judicate settlement conference on behalf of Susan Mabry despite knowledge that Susan Mabry had discharged him on April 28, 1992, and had retained Joan Righter, Esq. As a result of the settlement conference, defendant's adjuster, Susan Shemanski, forwarded a draft of $40,000 to Mr. Goodnow, who relayed this offer to Susan Mabry but failed to inform her that he possessed a draft from defendant's insurer. Although Susan Mabry rejected this offer, Mr. Goodnow failed to inform Susan Shemanski of the rejection and failed to return the $40,000 draft.

On July 7, 1992, Joan Righter filed a petition for return of file and substitution of counsel and on July 14, 1992, Ms. Righter and Mr. Goodnow attended an informal conference on the petition with this court. This court decided the only open issue remaining for disposition was respondent's counsel fee and directed both parties to submit briefs on that issue on August 6, 1992. However, Mr. Goodnow failed to respond to this petition or appear at the scheduled argument before this court on August 6, 1992, when he had an opportunity to be heard. Accordingly, the rule returnable for August 6, 1992, became absolute.

The order appealed from was entered on August 7, 1992. (This order is attached as Exhibit A.)

On December 7, 1992, respondent's petition for reconsideration was denied. Respondent now appeals this court's order of August 7, 1992.

## ISSUES

(1) Whether respondent's conduct was wrongful and vexatious?

(2) Whether the attorney's fees awarded to petitioner were unreasonable or an abuse of this court's discretion?

(3) Whether respondent has standing to inquire into circumstances surrounding petitioner's contingent fee agreement with her attorney?

## DISCUSSION

Respondent's first argument is that his conduct in the case at hand was not wrongful or vexatious. We disagree. The court may require a party to pay another participant's counsel fees if the party's conduct in commencing the action was "arbitrary, vexatious or in bad faith." 42 Pa.C.S. §2503. *Brenckle v. Arblaster,* 320 Pa. Super. 87, 466 A.2d 1075 (1983). In the instant matter, respondent, Carleton G. Goodnow, Esq., attempted to coerce a disputed fee from a former client, Susan Mabry, by wrongfully withholding her file from her new attorney, Ms. Righter.

As stated previously in the facts presented, Mr. Goodnow was informed, in writing, by his client, Susan Mabry, that she was terminating his services as her attorney on April 28, 1992, and that he should forward her file to her new attorney, Joan Righter, Esq. In addition, Ms. Righter requested that Mr. Goodnow forward Susan Mabry's file to her attention. However, Mr. Goodnow decided to withhold petitioner's file until Ms. Righter met with Mr. Goodnow at the scene of the accident and agreed that Mr. Goodnow would receive 50 percent of the contingency fee collected.

An attorney must withdraw from representation of the client once he is discharged. Rule 1.16(a)(3), Pa. Rules of Professional Conduct. Rule 1.16 sets forth a lawyer's obligations upon termination:

"(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel,

surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

An attorney must surrender the papers and property of a client to that client or new counsel so as not to prejudice a client's interests. Here, Mr. Goodnow simply prevented new counsel from continuing with this case and severely prejudiced Susan Mabry's interest by withholding her file with no justifiable reason. "When an attorney attempts to coerce a fee which has not been realized from a client by preventing the client from proceeding in an action with an attorney of his choice, the situation requires the strict scrutiny of the court." *Village Gentry Inc. v. The Fox Co.,* 6 Phila. Rep. 446, 452 (1981), *rev'd on other grounds* 316 Pa. Super. 404, 463 A.2d 427 (1983). As such, Mr. Goodnow's wrongful conduct by withholding the file is unconscionable and cannot be tolerated because his conduct conflicts with the strong directives set forth in the Disciplinary Rules against prejudicing the rights of a client.

As stated previously in the facts presented, Mr. Goodnow also attended a settlement conference after he had been discharged as Susan Mabry's attorney. Mr. Goodnow held himself out to be Ms. Mabry's attorney and accepted a settlement draft in the amount of $40,000 from defendant's insurer. Mr. Goodnow informed Ms. Mabry of this offer and although Ms. Mabry rejected the offer, Mr. Goodnow failed to inform her that he had a draft from defendant's insurer. Furthermore, Mr. Goodnow never communicated Ms. Mabry's rejection to defendant's insurer and failed to return the $40,000 draft. This conduct by Mr. Goodnow, as well as his refusal to return petitioner's file, demonstrates his ignorance of the Pa. Rules of Professional Conduct and the rights of his former client.

Additionally, Mr. Goodnow failed to provide petitioner with a statement as to services performed for Ms. Mabry and, therefore, petitioner can only look to precedent which holds that an attorney may proceed only on a quantum meruit basis. It is well established in Pennsylvania that an attorney who is discharged prior to the successful determination of a case is not entitled to recover a portion of the eventual recovery but may only recover in quantum meruit for the value of services rendered. *Sundheim v. Beaver County Bldg. & Loan Ass'n,* 140 Pa. Super. 529, 14 A.2d 349 (1940); *Lampl v. Latkanich,* 210 Pa. Super. 83, 231 A.2d 890 (1967). However, by failing to provide petitioner with a statement of services performed and continuing to demand a portion of the contingency fee before returning the file, Mr. Goodnow's conduct borders on extortion.

The Superior Court in *Lampl* stated that an attorney is entitled to no compensation whatsoever if he is discharged because of his own wrongful acts. An attorney is bound by strict requirements of good faith and fair dealing with his client. *Lynch v. Hook,* 298 Pa. Super. 27, 444 A.2d 157 (1982). Here, Mr. Goodnow's wrongful and vexatious conduct set forth in the above discussion demonstrates his complete disregard for the interests and rights of his former client, as well as the Rules of Professional Conduct, and prevents him from collecting counsel fees from either Ms. Mabry or her counsel.

The respondent argues next that the attorney's fees awarded to petitioner were unreasonable and an abuse of this court's discretion. 42 Pa.C.S. §2503 provides for the rights of participants to receive counsel fees. It states the following:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter....

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter of otherwise was arbitrary, vexatious or in bad faith."

Generally, if the record supports a court's finding of fact that the conduct of one party was in bad faith, an award of counsel fees will not be disturbed in the absence of an abuse of discretion. See *Brenckle v. Arblaster,* 320 Pa. Super. 87, 466 A.2d 1075 (1983). Because Mr. Goodnow's conduct was wrongful and vexatious, it was within this court's discretion according to 42 Pa.C.S. §2503(7), (9) to require Mr. Goodnow to pay counsel fees of $5014 and expenses of $104.92 or a total of $5,118.92, all as documented by counsel's itemized statement of account.

In Rule 1.5 of the Pa. Rules of Professional Conduct, the Supreme Court sets forth several factors to be considered in determining whether a fee is proper. Those factors include whether the fee is fixed or contingent, the time and labor required, the amount involved and results obtained, the nature and length of the professional relationship, and the experience, reputation, and ability of the lawyer performing the services. An attorney must provide, in writing, an explanation of the basis or rate of the fee to be charged. In the case at hand, Ms. Righter provided this court with a statement of account which set forth, in detail, the counsel fees, costs and expenses which she incurred in pursuing the petition directed to Carleton G. Goodnow for return of file and substitution of counsel. Based on Mr. Goodnow's wrongful conduct and vexatious behavior, as well as petitioner's brief and statement of account, this court, without the opportunity

to review respondent's brief or hear his argument, awarded as a reasonable amount, attorney's fees of $5,014 and expenses of $104.92 or a total of $5,118.92, to petitioner for having to pursue the petition and order.[*]

Lastly, respondent raises arguments regarding Susan Mabry's contingent fee agreement with her attorney, Joan Righter. However, Mr. Goodnow lacks standing in the case at hand to inquire into the circumstances surrounding the fee arrangement between Ms. Mabry and Ms. Righter.

The concept of "standing," in its accurate legal sense, is concerned only with the question of who is entitled to make a legal challenge to the matter involved. *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988); *Application of Biester,* 487 Pa. 438, 409 A.2d 848 (1979); *Wm. Penn Parking Garage Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Keystone Raceway Corp. v. State Harness Racing Commission,* 405 Pa. 1, 173 A.2d 97 (1961); *Department of Labor and Industry v. Unemployment Compensation Review Board,* 362 Pa. 342, 67 A.2d 114 (1949). As a general matter, the core of the concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no right to obtain a judicial resolution of his challenge. E.g., *Independent State Store Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 432 A.2d 1375 (1981); see *Pierro v. Pierro,* 434 Pa. 131, 252 A.2d 652 (1969); *Louden Hill Farm Inc. v. Milk Control Commission,* 420 Pa.

---

[*] Mr. Goodnow failed to file a response to the petition for return of file and substitution of counsel or submit a brief on the issue of counsel fees. Mr. Goodnow also failed to appear at a scheduled argument before this court on August 6, 1992, and the rule returnable became absolute.

548, 217 A.2d 735 (1966); *Department of Labor and Industry, supra.*

In the instant matter, Mr. Goodnow is not adversely affected in any way by the contingent fee agreement between Susan Mabry and her attorney. Accordingly, Mr. Goodnow is not aggrieved and has no standing to argue issues regarding the aforementioned fee agreement. Rule 1.5 of the Pa. Rules of Professional Conduct proscribes that "a lawyer shall not enter into an agreement for, charge or collect an illegal or clearly excessive fee." This court has no reason to believe that petitioner's attorney will fail to act in good faith and in her client's best interests regarding counsel fees and all other matters. As such, we see no reason to address this issue any further.

## CONCLUSION

Based on the foregoing analysis, this court's order awarding attorney's fees to petitioner was correct and should be affirmed.

### *Exhibit A*

### ORDER

And now, August 7, 1992, upon consideration of the petition of Susan R. Mabry, and petitioner's memorandum of law sur counsel fees, and respondent's failure to respond thereto, it is hereby ordered and decreed as follows:

(1) The prothonotary is directed to withdraw the appearance of Carleton G. Goodnow, Esq., for the plaintiff and enter the appearance of Joan M. Righter for plaintiff;

(2) Carleton G. Goodnow, Esq., is ordered to transfer at his expense petitioner's complete file to Joan M. Righter, Esq., no later than Friday, August 14, 1992;

(3) Carleton G. Goodnow, Esq., is ordered to disclose in complete detail to Joan M. Righter, Esq., the substance of any communications with the defendant's attorney and/or defendant's insurer no later than August 14, 1992;

(4) Based upon his wrongful conduct and vexatious behavior in forcing petitioner to pursue this petition and order, Carleton G. Goodnow, Esq., is ordered to pay to petitioner, through Joan M. Righter, Esq., attorney's fees of $5,014 and expenses of $104.92 or total of $5,118.92 in pursuing this petition and order.