## Sundheim, Appellant, *v.* Beaver County Building & Loan Association et al.

Argued April 17, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*George A. Baldwin, Jr.,* of *Baldwin & Baldwin,* for appellant.

*Charles McC. Barrickman,* of *Buchanan & Barrickman,* for appellee.

Opinion by Baldrige, J., June 26, 1940:

The plaintiff, an attorney, brought this action in assumpsit to recover $1,230, with interest, for professional services rendered under a written contract with the Beaver County Federal Savings and Loan Association,

formerly Beaver County Building & Loan Association, hereinafter referred to as the "Association." Following a verdict for appellant a motion for judgment n. o. v. for defendant was sustained. This appeal followed.

In 1931, Paul Moore pledged his stock in the Association as additional security for a mortgage loan it made to Nicholas Winowich and wife. The mortgagors defaulted in their payments, and the mortgaged premises were sold at sheriff's sale February 5, 1934, for $962.64. The collateral security was applied by the Association in part liquidation of the deficiency between the sale price and the judgment of over $14,000.

No petition having been presented to the court to fix the fair value of the property sold, under the Act of January 17, 1934, Sp. Sess., P. L. 243 (21 PS §806), the prothonotary, upon application of the mortgagors, entered of record satisfaction of the judgment. Moore brought suit against the Association to recover the value of his stock, on the ground that the judgment having been satisfied he was entitled to the return of his stock, put up as collateral security for the loan, or its value. When this suit was pending the Association filed a petition to strike off the satisfaction of the judgment, alleging that the Act of 1934, supra, was unconstitutional. Moore, thereupon, petitioned the court for leave to intervene as a party respondent:

The Association, through Mr. Barrickman its local attorney, called on the appellant, a resident of Philadelphia, for the purpose of retaining him as associate counsel in the suit Moore had brought against it. On November 22, 1935, the appellant wrote Mr. Barrickman stating that he would agree to attend the trial, prepare the paper book, and argue the case if appealed, on a contingent fee basis. In the event of a successful termination of the case, he would receive 30% of the amount for which the Association would be liable, to

wit, 30% of the sum of $4,100. The Association accepted these terms by letter dated November 27, 1935.

The court below denied the Association's petition to strike off the satisfaction of the judgment and an appeal was taken to the Supreme Court. An opinion was filed on October 5, 1936, holding that the Act of 1934, supra, was unconstitutional and, accordingly, the order of the court below was reversed. See *Beaver County Building and Loan Association v. Winowich et ux.*, 323 Pa. 483, 187 A. 481. The plaintiff was not employed as counsel in that case and took no part therein.

He was notified April 3, 1936, that the Moore case, by agreement of counsel, had been continued until the decision of the Supreme Court in the Winowich case. On October 24, 1936, after the Winowich opinion had been filed, he inquired what disposition had been made of the Moore case, stating: "In the event that the plaintiffs have abandoned same, I believe we are entitled to a fee. Of course, we should not insist on the fee mentioned in your letter to me of November 27, 1935."

On December 11, 1936, Mr. Barrickman wrote appellant that the Association was of the opinion that his fee was only to be paid if a trial was had, and due to the decision in the Winowich case, the Moore action probably would be discontinued. He then agreed in that event he would take $200 in compromise of his claim. This offer was not accepted. On December 31, 1936, Mr. Barrickman wrote another letter which included the following statement: "The directors of said Association advise me that they felt that because the action was discontinued, no payment would be made to you." The Association passed a resolution January 31, 1938, discharging the appellant and he was duly advised thereof. Five days prior to that action this present suit was instituted, claiming a full performance of the contract and a successful conclusion of the litigation.

The termination of the Winowich case did not, in

fact, end the Moore case. In so far as the record is concerned it is still pending. Judicial notice of the record in the former case could be taken only at the trial of the Moore action upon due proof thereof: *Steel v. Levy*, 282 Pa. 338, 127 A. 766. "The conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined, nor to collateral questions which arise but do not become part of the case": *Schwan et al., v. Kelly et al.,* 173 Pa. 65, 72, 33 A. 1107.

The contingency stipulated, namely, a "successful termination" being a condition precedent, the event it had contemplated must happen: 7 C. J. S. Attorney and Client p. 1071, §188. That is, there must be an actual determination of the litigation by a judgment, which is the only thing that really settles the issue between the parties. That has not occurred. "No judgment or decree is final that does not terminate the litigation between the parties to the suit": *Sinking Spring Water Co. v. Gring,* 257 Pa. 340, 101 A. 732; *Semmes et al. v. Western Union Tel. Co.,* 73 Md. 9, 20 A. 127.

Moreover, there was nothing in this contract that prevented the Association's discharging the appellant. A client may terminate his relation with an attorney at any time, notwithstanding a contract for fees, but if he does so, thus making the performance of the contract impossible, the attorney is not deprived of his right to recover on a quantum meruit a proper amount for the services which he has rendered: *Powers v. Rich,* 184 Pa. 325, 89 A. 62; *Brightly v. McAleer,* 3 Pa. Sup. Ct. 442; *Thole v. Martino,* 56 Pa. Sup. Ct. 371; *Harris v. Root,* (Mont.) 72 P. 429.

We find no merit in appellant's contention that the Association is estopped from denying the discontinuance of the Moore case, notwithstanding the statement of the attorney to that effect, which proved to be erroneous. To create an equitable estoppel the party acting

must have had information of the true state of affairs, or be in a position to become aware of them. That statement did not make the Association guilty of a fraud. The appellant had means of knowledge equal to the Association of the public records in the Moore case. Furthermore, his rights were not in any way affected or prejudiced by the representation made by its attorney: *Bittner v. Quemahoning*, 271 Pa. 579, 116 A. 42.

The plaintiff, in our judgment, was not entitled to recover on his contract, the basis of this suit, but he may have an action on quantum meruit for damages as a result of a breach of contract.

Judgment of the court below is affirmed.