618 A.2d 1003

**FRANCIS GERARD JANSON, P.C., Appellant,**

**v.**

**Mark B. FROST, Esquire and Mark B. Frost, Joseph Demesquitta and R. Lee Rudow, Individually and a Partnership Trading as Frost, Demesquitta & Rudow, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1992.

Filed Jan. 5, 1993.

38

Jeffrey S. Lichtman, Philadelphia, for appellant.

George Szymanski, Jr., Philadelphia, for appellees.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

The appellant, Francis Gerard Janson, P.C., has filed an appeal from the order granting the preliminary objections in the nature of a demurrer of the appellees, Mark B. Frost & Mark B. Frost, Joseph Demesquita & R. Lee Rudow, individually and a partnership, trading as Frost, Demesquita & Rudow. We affirm.

> When reviewing preliminary objections in the nature of a demurrer, the question is whether, assuming the facts averred in the complaint to be true, the law is clear that no recovery is permitted. A demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. Since a court should be reluctant to grant a demurrer except in the clearest of cases, a demurrer should not be granted where it appears that the plaintiff could cure any defect in the complaint by amendment.

Slater v. Pearle Vision Center, Inc., 376 Pa.Super. 580, 546 A.2d 676, 677 (1988) (Citations omitted).

The record, examined under the standard set forth in Slater, indicates that the appellant was retained by Stuart Gross to represent him in an automobile accident case. A contingent fee agreement was executed in which Gross consented to pay the appellant thirty three and one-third (33⅓) percent of the settlement or judgment secured on his behalf. See Complaint, Paragraph 4, Exhibit "A".

In the course of representing Gross, the appellant received an offer from the insurer to settle for $24,000. Gross rejected the offer. Thereafter, Gross discharged the appellant and secured the appellees to handle his case. The appellant reacted by informing the appellees that he had received a settlement offer for $24,000 and that he was "entitled" to an attorney's fee amounting to one-third (⅓) of that offer. Complaint, Paragraph 7.

The appellant was advised that the fee would be "guaranteed" from the funds recovered on behalf of Gross "if Plaintiff would produce written proof" that an offer of settlement had been made. While awaiting a confirmation letter from the insurer concerning the offer, the appellees "rescind[ed]" the agreement. Complaint, Paragraph 11.

Thirty seven (37) days after the appellees had agreed to make payment of one-third (⅓) of any settlement, and after the appellees had rescinded the agreement, the appellant forwarded evidence of the insurer's $28,000 offer to the appellees. Complaint, Paragraph 12, Exhibit "B".

With the appellees' refusal to honor the agreement, the appellant filed a complaint seeking judgment premised upon the oral agreement, and, in the alternative, a one-third (⅓) contingent fee on a *quantum meruit* theory from money received by the appellees on behalf of Gross.

Preliminary objections were filed in which it was admitted that an agreement had been entered into "for payment of one third (⅓) referal [*sic*] attorney fee to Plaintiff from any funds received on behalf of ... Gross up to the sum of $24,000." Paragraph 6. However, the appellees denied any "agree[ment] to protect Plaintiff's fee for an amount of ... $8,000." Paragraph 10. In fact, the appellees asserted that the agreement was conditional in nature and required the appellant to forward Gross' "complete files immediately" and provide written proof of the $24,000 settlement offer. Paragraph 6.

According to the appellees, their oral offer (made February 7, 1991) was rescinded (by letter dated March 5, 1991) when

the appellant did not comply with the condition of the proposed agreement. Paragraph 7. Moreover, the appellees asserted that the complaint was premature since no funds had been collected on behalf of Gross because the case was still pending in Common Pleas Court. Therefore, the appellees sought dismissal of the complaint for the appellant's failure to state a claim upon which relief could be granted.[1]

In answer, the appellant denied the conditional nature of the understanding between himself and the appellees, that he was without information, knowledge or belief as to whether the litigation involving Gross had been resolved and that the appellees' refusal to honor the agreement constituted an anticipatory breach prompting the present suit. Paragraphs 4, 15 & 16.

A Memorandum of Law was filed in support of the answer and urged that the appellant be allowed to amend his complaint to seek a declaratory judgment. The proposed amendment alleged all matters appearing in the initial complaint, with the addition of the averment that the plaintiff be entitled to "declaratory relief" in the nature of an order of court directing the appellees to pay the appellant $8,000 from the "proceeds of any settlement or verdict received through [the appellees'] representation of Gross.

By order of court dated January 28, 1991, the appellees' preliminary objections were sustained and the appellant's complaint was dismissed. A petition for reconsideration was denied and, thereafter, a timely appeal was filed with this Court.

In deciding whether the court below acted properly in granting the preliminary objections of the appellees, we note that both parties concede an agreement had been reached

1. The appellees assert in Paragraph 6 of their preliminary objections that the proper forum for this dispute is before the Attorney Fee Dispute Arbitration & Mediation Board.

    This Court would point out that such dispute resolution is an alternative vehicle for settlement only where *both* parties are agreeable to such a forum. There is no indication that *either* party was receptive to such an approach in resolving the dispute.

regarding the securement of the appellant's contingent fee. The understanding ceases there.

The court labels the agreement executory and subject to rescission. The appellant argues the agreement was completed save for the satisfaction of a condition subsequent (written confirmation of the insurer's offer to settle) considered to be "immaterial" to the agreement as a whole. The appellees contend that production of the written confirmation to settle was a condition precedent which was not sent until after revocation.

In resolving this dispute, we begin with a recitation of various principles of law germane to the case at bar: *First,* the task of interpreting a contract is generally performed by a court rather than a jury, *Walton v. PNB,* 376 Pa.Super. 329, 545 A.2d 1383 (1988); *Second,* where a contract is executory on both sides (as was the case here), the party seeking the legal enforcement of the stipulations of the other party must show a compliance with his own. In other words, that which is first to be performed must be done or tendered before the party who is to do it can sustain a suit against the other, 17A Am.Jur.2d, §§ 609, 470 ("in the case of a concurrent condition, there is no liability until the condition is performed or occurs."); *Third,* it is the general rule that where no time is agreed upon for the completion of a contract, it must be completed within a reasonable time under all the circumstances, 8 P.L.E. Contracts, § 245; 17A Am.Jur.2d, §§ 202, 479; *Fourth,* where contractual promises or covenants are mutual and dependent, the failure of one party to perform authorizes the other to rescind the contract, 17A Am.Jur.2d, §§ 570, 574 (Interdependence of contractual provisions, in which a material breach occurs by one party, entitles the other party to rescind); and *Fifth,* what is a reasonable time within which to exercise the right of rescission, when the facts are undisputed, is a question of law to be determined by the court, 8 P.L.E. Contracts, § 319.

Applying the precepts just recited to the case at bar, the complaint reveals that the appellees guaranteed a one-third (⅓) contingent fee payment to the appellant. Such payment

was "conditional" in nature and required presentment of Gross' files *and* written confirmation of a settlement offer from the insurer. Neither requirement was satisfied until *after* the passage of three (3) weeks from the date appellees' offer was communicated to the appellant and revocation had taken place. The conditions being lawful, it is not competent for this Court to dispense with their performance. *Waterman v. Banks,* 144 U.S. 394, 401–03, 12 S.Ct. 646, 648, 36 L.Ed. 479 (1892).

█ Unlike the appellant, we hold that satisfaction of one of the conditions precedent was a "material" element to enforcement of the contract. It was the "essence" of the agreement, for without evidence of the offer of settlement from the insurer, the appellees had no proof ("consideration") of the appellant's efforts requiring remuneration. 17A Am.Jur.2d, §§ 573, 577 (Material breach warrants rescission); § 580 (A contract may be rescinded by a party thereto by reason of the breach or nonperformance of a condition by the other party, especially where it is the breach or nonperformance of a condition precedent).

Accordingly, we agree with the court that:

Submission from both parties led this Court to believe that the agreement functions as an executory contract. Prompt delivery of the client's file and written verification of the settlement offer served as conditions precedent to defendants' obligation to protect plaintiff law firm's fee.

Plaintiff contends that defendants' refusal to protect the fee was an anticipatory breach of the agreement. In theory, anticipatory repudiation by defendants could have discharged plaintiff's duty to perform the conditions, i.e., delivering the file and written proof of the settlement offer. *Jonnet Development Corp. v. Dietrich Industries, Inc.,* 316 Pa.Super. 533, 463 A.2d 1026 (1983).

Circumstances surrounding the agreement can appropriately shed light on the intent of the parties and the ambiguity of the contract. *Walton* 545 A.2d at 1389. Defendants averred that they agreed to protect plaintiff's fee on the

condition that plaintiff forward *complete files immediately* with written proof of a settlement offer.

Common sense suggests that defendants could have benefitted from promptly receiving the file and a written settlement offer from plaintiff. Defendants could have saved time and expense by avoiding duplication of the work which plaintiff alleged to have completed. However, plaintiff failed to supply information in a timely fashion and defendants withdrew the unfulfilled offer.

Lower Court Opinion at 4–5 (Footnote omitted; emphasis in original).

Lastly, we are not persuaded to allow the appellant the opportunity to amend his complaint. No amount of amending could cure the failure of the appellant to act timely in satisfying the conditions precedent as a preface to enforcing the executory contract with the appellees. See *Pittsburgh Coal & Coke v. Cuteri*, 404 Pa.Super. 298, 590 A.2d 790 (1991).

Finding no merit to any of the appellant's arguments on appeal, we will affirm the order granting the appellees' preliminary objections.

Order affirmed.[2]

---

**2.** As an aside, given the unresolved nature of Gross' lawsuit below, we would note that the appellant is not without recourse against his former client. He may seek recoupment for the value of services rendered under a theory of *quantum meruit*, and, once a fund is created in favor of Gross, a charging lien can be filed in favor of the appellant for work performed. See *Recht v. Urban Redevelopment Authority*, 402 Pa. 599, 168 A.2d 134 (1961); *Sundheim v. Beaver County Building & Loan Association*, 140 Pa.Super. 529, 14 A.2d 349 (1940).