J-S27035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW LASKARIS | |
| Appellant | No. 1689 WDA 2013 |

Appeal from the Judgment of Sentence entered July 26, 2013
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0000922-2013,
CP-25-CR-0001419-2012, and CP-25-CR-0001948-2012

BEFORE:  GANTMAN, P.J. , ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 20, 2014**

Appellant, Andrew Laskaris, appeals from the trial court's July 26, 2013 judgment of sentence imposing 18 to 48 months of incarceration after Appellant pled guilty to several theft offenses and to violating his parole.[1] Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978

---

[1] At docket number 1419 of 2012, the trial court imposed 9 to 24 months of incarceration for conspiracy to commit receiving stolen property (18 Pa.C.S.A. §§ 3925 and 903).  N.T. Sentencing, 7/26/13, at 19.  At docket 922 of 2013, the trial court imposed a consecutive 9 to 24 months for retail theft (18 Pa.C.S.A. § 3929).  ***Id.*** at 20.  At docket number 1948 of 2012, the trial court revoked Appellant's parole and recommitted him to serve the remainder of his sentence (which had a maximum term of 12 months) concurrently with his sentence at number 922.

A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

Appellant appeared in court for several hearings throughout 2013 to enter guilty pleas at the above-captioned docket numbers. Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence on August 2, 2013, and the trial court denied that motion on October 10, 2013. Appellant filed a timely notice of appeal on October 17, 2013. Counsel filed a statement of intent to file an *Anders* Brief on November 7, 2013.

We begin with an analysis of counsel's petition to withdraw and *Anders* Brief. Procedurally, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013). Our review of counsel's filings reveals compliance with these steps.

Next, we consider counsel's *Anders* Brief, which must comply with the following:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* In considering counsel's *Anders* Brief, we are mindful that "[counsel's] role as advocate requires that he support his client's appeal to the best of his ability." *Santiago*, 979 A.2d at 354 (quoting *Anders*, 386 U.S. at 744).

Here, counsel's *Anders* Brief addresses a single issue: whether the trial court abused its sentencing discretion in imposing a manifestly excessive sentence. *Anders* Brief at 1. Appellant believes his argument raises a substantial question because the trial court failed to take account of his rehabilitative needs and the protection of the public. *Anders* Brief at 4. A colorable argument that a sentence fails to account for protection of the public and/or the defendant's rehabilitative needs does raise a substantial question. *Commonwealth v. Clarke*, 70 A.3d 1281 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014).

We review the trial court's sentence for abuse of discretion. *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). The sentencing court must "impose a sentence that is 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" *Id.* at 962 (quoting 42 Pa.C.S.A. § 9721(b)). Where, as here, the trial court's sentence falls within the sentencing guidelines, the reviewing court may

reverse only if the sentencing court applied the guidelines improperly or if the sentence is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(1), (2).

In conducting our review of the record, we must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

The trial court's sentences at docket numbers 1419 and 922 fall at the top end of the standard range. According to the **Anders** Brief, Appellant believes the trial court abused its discretion in failing to account for Appellant's health problems that render him incapable of committing further crimes. **Anders** Brief at 4-5.

The record reveals the trial court considered Appellant's health issues prior to imposing sentence: "I've looked carefully at all of [Appellant's] medical issues, and he has a lot of them." N.T. Sentencing, 7/26/13, at 19. Likewise, the trial court took account of the presentence investigation report, Appellant's lengthy criminal history, the sentencing guidelines, and other information included in Appellant's pre-sentence report. **Id.** In summary the trial court assessed all pertinent facts prior to imposing a sentence within the standard guideline range. **Id.** at 19-21. Given this, counsel concluded Appellant cannot raise a non-frivolous challenge to the trial court's

sentencing discretion. Our review of the record leads us to agree with counsel's assessment. Further, we find counsel's Brief in compliance with the dictates of **Santiago**.

Having concluded that counsel has met her obligations, we proceed to conduct an independent review of the record. **Santiago**, 978 A.2d at 355 n.5. In our review, we have discerned no non-frivolous arguments available to Appellant. In particular, we note that the various plea colloquy transcripts evince compliance with Rule 590 of the Pennsylvanian Rules of Criminal Procedure (relating to plea agreements), and the comment thereto. **See** Pa.R.Crim.P. 590. We discern no other obvious basis upon which counsel could have advocated for relief from this Court.

In light of the foregoing, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014