J-S57014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL J. RUDINSKI, JOSEPH F. ORSO, III AND JERRY E. LYNCH, T/D/B/A RUDINSKI, ORSO & LYNCH | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | |
| | : | No. 649 MDA 2019 |
| DEBRA HAWK | : : | |

Appeal from the Order Entered April 16, 2019
In the Court of Common Pleas of Snyder County Civil Division at No(s):
CV-0083-2017

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                **FILED MARCH 27, 2020**

Michael J. Rudinski, Joseph F. Orso, III, and Jerry E. Lynch, d/b/a Rudinski, Orso, & Lynch (collectively, "Appellants" or "the Firm") appeal from the April 16, 2019 order granting Debra Hawk's motion for summary judgment.  We reverse and remand.

This controversy centers around a fee agreement executed between the Firm and Mrs. Hawk.  She retained the Firm to represent her in a divorce and equitable distribution proceeding.  The parties executed a contingent fee agreement, which provided that: (1) Ms. Hawk would pay an initial retainer of $1000; (2) Appellants would be entitled to a contingent fee of twenty-five percent upon "successful" completion of Mrs. Hawk's claims for equitable distribution; (3) Appellants' potential fee was capped at $25,000; and (4) if Appellants were "unsuccessful" with respect to Mrs. Hawk's equitable

distribution claims, she would owe no additional fees to the Firm.  *See* Contingent Fee Agreement, 3/18/15, at ¶¶ 1-2.

Based upon the contingent fee agreement and our review of a list of services purportedly provided to Mrs. Hawk, we discern that Appellants' relevant representation of Mrs. Hawk began sometime in March 2015, and concluded sometime in 2016.  *Id*.; *see also* Exhibit B to Appellant's Amended Complaint, 7/25/17, at unnumbered 1-3 (list of legal services provided in connection with divorce proceeding).  During this time period, Appellants claim to have amassed 135.15 billable hours.[1]  *Id*.

The exact contours of the breakdown of the attorney-client relationship are difficult to parse from the sparse record before us.  Without any supporting documentation, Appellants assert that negotiations between the parties to the divorce ultimately broke down over the payment of the Firm's contingent fee, but imply that all other issues relevant to equitable distribution were settled. *See* Appellants' Amended Complaint, 7/27/17, at ¶ 5.  Mrs. Hawk has denied that such an accord was ever reached.  *See* Appellee's Answer and New Matter, 1/8/18, at ¶ 5 (stating that this allegation related to an oral representation by Mrs. Hawk's husband that was believed to be an offer of settlement, but which was ultimately "disavowed" by husband).

---

[1]  The fee agreement does not contain an hourly billing component, nor does it contain any clauses addressing termination of representation.

Ultimately, Mrs. Hawk fired Appellants.[2]   Thereafter, the Firm filed a complaint seeking damages related to their representation of Mrs. Hawk in the nature of breach of contract and unjust enrichment.[3]   **See** Appellants' Amended Complaint, 7/27/17, at ¶¶ 8-11.   Overall, Appellants asserted that Mrs. Hawk owed approximately $25,000 in unpaid attorney fees.   Both of these claims survived preliminary objections, and Mrs. Hawk filed new matter asserting that she was not obligated to pay any additional fees to the Firm as a result of the clear terms of the contingent fee agreement, and detailing her dissatisfaction with Appellants' representation.   **See** Appellee's Answer and New Matter, 1/8/18, at ¶¶ 12-22.

Thereafter, the parties engaged in discovery and Mrs. Hawk eventually filed a motion for summary judgment asserting that: (1) Appellants could not establish the existence of a valid settlement of Mrs. Hawk's equitable distribution claims, and therefore could not carry its burden of proof for breach

---

[2]  We are not able to ascertain from the certified record whether Mrs. Hawk obtained alternative divorce counsel after parting ways with Appellants, or if the proceedings between her and her husband were ever concluded.

[3]  In addition to their representation of Mrs. Hawk in the aforementioned divorce proceedings, Appellants additionally averred that the Firm also represented Mrs. Hawk in her capacity as the executor of a third-party's estate.  The Firm also sought damages with respect to unpaid fees associated with that representation, under a theory of unjust enrichment.  **See** Appellant's Amended Complaint, 7/25/17, at ¶¶ 12-16.  That claim was dismissed when the trial court sustained Mrs. Hawk's preliminary objections. **See** Order, 12/21/17, at unnumbered 1.  Appellants have not raised any claim related to that dismissal.  Thus, we will not address this claim further.

of contract; and (2) Appellants' unjust enrichment claim failed as a matter of law because the dispute was governed by an express contract. **See** Appellee's Brief in Support of Summary Judgment, 10/30/18, at 1-6. Appellants did not respond to the arguments regarding their breach of contract claim,[4] but argued that their claim for unjust enrichment was salvageable pursuant to the legal principle of *quantum meruit*[5] and our Supreme Court's holding in **Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.**, 179 A.3d 1093, 1102 (Pa. 2018) ("[T]he principle of *quantum meruit* may apply when a client fires counsel before litigation proceeds are generated and a contingent fee collected.").

The trial court granted Mrs. Hawk's motion for summary judgment with respect to both the count for breach of contract and the claim of unjust enrichment. Appellants filed a timely notice of appeal. The trial court directed Appellants to file a concise statement of errors under Pa.R.A.P. 1925(b), Appellants timely complied, and the trial court filed its Rule 1925(a) opinion.

Appellant presents a single issue for our disposition: "Whether the trial court committed error as a matter of law by holding in contingent fee matters that the principal of *quantum meruit* may not apply when a client discharges

---

[4] Appellants appear to have abandoned their breach of contract claims. The Firm did not respond to Appellee's motion for summary judgment on that count, nor have they raised any claim pertaining to it in the instant appeal.

[5] *Quantum meruit* is an equitable remedy, which translates to "as much as deserved." It measures compensation under an implied contract based upon the "reasonable value of services rendered." **Angino & Rovner v. Jeffrey R. Lessin & Associates**, 131 A.3d 502, 508 (Pa.Super. 2016).

counsel before litigation proceeds are generated and a contingent fee can be collected."  Appellants' brief at 4.

"The question of whether summary judgment is warranted is one of law, and thus our standard of review is *de novo* and our scope of review is plenary." ***City of Philadelphia v. Cumberland County Bd. of Assessment Appeals***, 81 A.3d 24, 44 (Pa. 2013).  We are also mindful of the following guidelines:

> We may reverse if there has been an error of law or an abuse of discretion. . . .  We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule.[6] The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered.  Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

***Carlino East Brandywine, L.P. v. Brandywine Village Association***, 197 A.3d 1189, 1199-1200 (Pa.Super. 2018) (quoting ***Gubbiotti v. Santey***, 52 A.3d 272, 273 (Pa.Super. 2012)).

Appellants' argument implicates the interplay between claims arising from breach of an express contract and those sounding in unjust enrichment pursuant to *quantum meruit*.  ***See Zawada v. Pa. Sys. Bd. of Adjustment,***

---

[6]  ***See*** Pa.R.C.P. 1035.2 ("Motion.").

*et al.*, 140 A.2d 335, 338 (Pa. 1958) ("That the two actions—*quantum meruit* and express contract—are utterly distinct in nature is clear beyond question."). A claim arising under *quantum meruit* is quasi-contractual in nature, and is essentially "an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services." ***Durst v. Miloy General Contracting, Inc.***, 52 A.3d 357, 360 (Pa.Super. 2012).

Mrs. Hawk's motion for summary judgment solely alleged that Appellants' unjust enrichment claim failed as a matter of law, without reference to the materiality or sufficiency of the evidence. **See** Appellee's Brief in Support of Summary Judgment, 10/30/18, at 6 ("A cause of action for unjust enrichment may arise **only** when a transaction of the parties is not otherwise governed by an existing contract." (emphasis in original)). The trial court adopted this rationale in its opinion. **See** Trial Court Opinion, 4/15/19, at 5-6 (holding the existence of a valid contract between the parties precluded any claims sounding in *quantum meruit*).

"*[Q]uantum meruit* is essentially a claim for unjust enrichment, which implies a contract and requires the defendant to pay to the plaintiff the value of the benefit conferred." ***Shafer Elec. & Const. v. Mantia***, 96 A.3d 989, 993 (Pa. 2014). Generally, our Supreme Court has held that "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract." ***Schott v. Westinghouse Elec. Corp.***, 249 A.3d 443, 448 (Pa. 1969).

However, attorney-client fee agreements are subject to special considerations because, "under Pennsylvania law, a client has the absolute right to terminate an attorney-client relationship, regardless of any contractual arrangement between the two parties." *Angino & Rovner v. Jeffrey R. Lessin & Associates*, 131 A.3d 502, 508 (Pa.Super. 2016). Thus, Pennsylvania courts have held that discharge of an attorney under an existing fee agreement does **not** deprive the attorney of a cause of action for unjust enrichment pursuant to *quantum meruit* as a matter of law: "A client may terminate his relation with an attorney at any time, notwithstanding a contract for fees, but if he does so, thus making performance of the contract impossible, the attorney is not deprived of his right to recover on a *quantum meruit* a proper amount for the services [rendered]. . . ." *Hiscott and Robinson v. King*, 626 A.2d 1235, 1237 (Pa.Super. 1993) (quoting *Sundheim v. Beaver County Bldg. & Loan Ass'n*, 14 A.2d 349, 351 (Pa.Super. 1940)).

This Court recently took up this line of precedent in the specific context of contingency fee agreements and held as follows:

> Upon a client's termination of an attorney-client relationship **prior** to the occurrence of the contingency set forth in a fee agreement, the client is not relieved of his or her obligation to compensate the attorney for services rendered until the time of termination. In such situations, the terminated attorney generally has a claim in *quantum meruit* to recover his fees.

*Angino*, *supra* at 508 (emphases in original) (citing *Hiscott*, *supra* at 1237). Our Supreme Court's holding in *Meyer* is simply a restatement of these

- 7 -

principles concerning fee agreements. ***See Meyer***, ***supra*** at 1102-03 ("In the context of contingent fee matters, the principle of *quantum meruit* may apply when a client fires counsel before litigation proceeds are generated and a contingent fee can be collected.") (citing ***Sundheim***, ***supra*** at 351).

Instantly, the trial court's ruling that Appellants could not sustain a claim for unjust enrichment pursuant to *quantum meruit* as a matter of law due to the existence of an express contract between the parties was erroneous. The existence of a contract between the parties does not deprive Appellants of a cause of action for unjust enrichment upon the basis of *quantum meruit*. ***Accord Meyer***, ***supra*** at 1102-03, ***Angino***, ***supra*** at 508. Thus, we reverse that portion of the trial court's order dismissing Appellant's claim sounding in unjust enrichment.[7]

Order reversed in part. Case remanded. Jurisdiction relinquished.

---

[7] We make no comment or explicit holding regarding the ultimate merits of Appellants' claim pursuant to *quantum meruit*. We note only that, "[w]hether the doctrine of *quantum meruit* applies to allow recovery is a factual question in which the focus is not on what the parties intended, but rather on whether a party has been unjustly enriched." ***Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.***, 179 A.3d 1093, 1103 (Pa. 2018). No factual challenge to Appellants' unjust enrichment claim was raised by Mrs. Hawk in her motion for summary judgment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2020